UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD KENT SUTTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. BROOKS, ET AL.,<br><br>　　　　Defendants. | Case No. CV 14-00589-ODW (KK)<br><br>ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On February 5, 2014, Plaintiff Harold Kent Sutton, an inmate at California State Prison in Represa, California ("CSP-SAC"), filed a *pro se* complaint ("Complaint") pursuant to 42 U.S.C. § 1983. ECF Docket No. ("Dkt.") 8. The Court subsequently ordered service of the Complaint. On November 18, 2014, defendants Bingham, Brooks, Shank, and Visico filed a Motion to Dismiss ("Motion"), arguing the Complaint failed to state a claim against any defendant. Dkt. 31. After careful review, the Court grants the Motion and dismissed the Complaint with leave to amend for the reasons discussed below.

///

## I.

## **ALLEGATIONS IN THE COMPLAINT**

Plaintiff is an inmate at CSP-SAC. While it is unclear when the alleged incident occurred, it appears Plaintiff was provided with dental treatment during his detention at CSP-SAC. Plaintiff names four defendants – Dr. Brooks ("defendant Brooks"), Dr. C. Bingham ("defendant Bingham"), Dr. R. Visico ("defendant Visico"), and P. Shanks ("defendant Shanks"). Compl. at 3. Plaintiff alleges defendant Brooks is a "staff dentist" who "failed to extract tooth when requested." Id. With respect to defendant Bingham, Plaintiff alleges she "failed [to] properly supervise staff dentist." Id. With respect to defendant Visico, Plaintiff alleges he is a dentist who "failed to inform Dr. Banks of tooth to be pulled on x-rays." Id. Finally, with respect to defendant Shanks, Plaintiff alleges she "refused to respond to [his prison grievance] in a timely fashion." Id.

Plaintiff requests "that the courts will order the dental staff to compensate [him] for . . . pain and suffers (sic)." Id.

## II.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Conclusory allegations are insufficient. Iqbal, 556 U.S. at 678-79. Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, "a formulaic recitation of the elements of a cause of action will not do," and the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

All allegations of material fact are accepted as true, "as well as all reasonable inferences to be drawn from them." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); see also Twombly, 550 U.S. at 555. For an allegation to be entitled to the assumption of truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual allegation rather than a legal conclusion. See Iqbal, 556 U.S. at 678-79. The Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See id.; see also Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

## III.
## DISCUSSION

### A. PLAINTIFF FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AGAINST DEFENDANTS BROOKS AND VISICO

Plaintiff claims defendant Brooks "failed to extract tooth when requested" and defendant Visico "failed to inform Dr. Banks of tooth to be pulled on x-rays." Compl. at 3. Plaintiff further alleges "deliberate indiff." Id. While Plaintiff does not specify an Eighth Amendment violation, construing the Complaint liberally, it appears he is attempting to state an Eighth Amendment claim for deliberate indifference to serious medical needs.

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). There is both an objective and subjective component to an actionable Eighth Amendment claim. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires the inmate to show an "objectively, sufficiently serious harm," meaning that the failure or delay in treatment could result in significant injury. Id. (citation and internal quotations omitted). The subjective component requires the inmate to show the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious

harm." Id. (citing Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994))). "'Deliberate indifference' is evidenced only when 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Clement, 298 F.3d at 904 (quoting Farmer, 511 U.S. at 837).

Here, Plaintiff fails to present facts sufficient to establish either the objective or subjective component with respect to either defendant Brooks or Visico. Thus, the claims against them must be dismissed.

**B.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT BINGHAM FOR FAILURE TO SUPERVISE**

Plaintiff claims defendant Bingham "failed [to] properly supervise staff dentist." Compl. at 3. However, in Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." Rather, when a named defendant holds a supervisorial position, the causal link between her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941, 99 S. Ct. 2883, 61 L. Ed. 2d 311 (1979).

In order to state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that defendant Bingham either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or "implemented a policy so deficient that the policy 'itself is a

repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Because Plaintiff has failed to allege such facts, the claim against defendant Bingham must be dismissed.

### C. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT SHANK BASED UPON HER HANDLING OF HIS PRISON GRIEVANCE

Plaintiff alleges defendant Shank refused to respond to his prison grievance "in a timely fashion." Compl. at 3. The Ninth Circuit has clearly held "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)); see also Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction"); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.") (internal citations omitted).

Because Plaintiff's sole allegations regarding defendant Shank concerns her alleged mishandling of his prison grievance, it must be dismissed.

### D. PLAINTIFF SHALL BE GRANTED LEAVE TO AMEND

*Pro se* plaintiffs should be permitted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Cafasso v. General

6

Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) ("Normally, when a viable case may be pled, a district court should freely grant leave to amend."). A court may consider factual allegations outside of the complaint in determining whether to grant leave to amend. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Thus, the Complaint will be dismissed with leave to amend.

## IV.
## CONCLUSION

Plaintiff is granted **30 days** from the date of this Order within which to file an Amended Complaint. The Amended Complaint shall bear the designation "Amended Complaint" and the case number assigned to this case ("CV 14-00589-ODW-KK"). The Amended Complaint must cure the defects described in this Order. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint. If Plaintiff files a Amended Complaint, his previous complaints will be treated as non-existent. Therefore, the Amended Complaint shall not refer in any manner to the previous complaints; **it must be complete in itself and not require any prior knowledge of Plaintiff's case.**

Plaintiff is explicitly cautioned that failure to timely file an Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). Alternatively, Plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's convenience. The Court warns Plaintiff that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice, for failure**

1 | **to prosecute and/or failure to obey court orders.**

3     IT IS SO ORDERED.

6 DATED: November 26, 2014

                                HON. KENLY KIYA KATO
                                UNITED STATES MAGISTRATE JUDGE

|  |  |
|---|---|
|  |  |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s),<br>v.<br><br>Defendant(s). | <br><br>**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____
_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____     _____
*Date*                                             *Signature of Attorney/Party*

*NOTE:* ***F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*